**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Tony L. Ellison

      v.                                    Civil No. 08-cv-18-JL

State of New Hampshire[1]

**O R D E R**

      Pro se[2] petitioner Tony L. Ellison has filed a petition for
a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,
challenging his New Hampshire state court conviction and sentence
(document no. 1).  The petition is before me for preliminary
review.  See Rule 4 of the Rules Governing § 2254 Proceedings
("Habeas Rules") (requiring initial review to determine whether

---

    [1]Petitioner is in custody at the New Hampshire State Prison
("NHSP"), therefore, I construe the respondent to be the Warden
of the NHSP.  See Habeas Rule 2 (where petitioner is in custody
pursuant to a state judgment, the state officer having custody of
the petitioner shall be named as respondent).

    [2]In his "Affidavit of Truth" filed in support of his
petition, Ellison requests this Court to address him as "sui
juris" and not "pro se."  His request is denied as the term he
wishes to use has the same meaning as "pro se."  See Muhammad v.
Bonner, No. 05-cv-1851 (RJD)(LB), 2008 WL 926574 at *1 (E.D.N.Y.
March 31, 2008) (denying plaintiff's request to change the docket
to reflect his status as "inpropria persona sui juris" as that
term has the same meaning as "pro se.").

the petition is facially valid); <u>see</u> <u>also</u> United States District
Court for the District of New Hampshire Local Rule ("LR")
4.3(d)(2) (authorizing the magistrate judge to preliminarily
review pro se pleadings).

For the reasons stated below, Ellison is ordered to
demonstrate that his federal petition is timely filed.  He is
furthered ordered to amend his petition to demonstrate exhaustion
of state remedies with regard to each claim.

### Background

Ellison is currently incarcerated at the NHSP.  In May 2001,
he allegedly entered into a negotiated plea agreement, whereby he
agreed to plead guilty to seven counts of aggravated felonious
sexual assault and two counts of felonious sexual assault; in
return, the State of New Hampshire (the "State") agreed to
recommend imposition of a sentence of 10-20 years stand committed
with all remaining time to run concurrent and suspended, pursuant
to N.H. Rev. Stat. Ann. ("RSA") 632-A:10-a, I(b).[3]  A Notice of
Intent, signed by Ellison, defense counsel and the State, was
submitted to the New Hampshire Superior Court (Rockingham

---

[3]In amending his petition, Ellison is instructed to provide
supporting documents that would clarify the conviction and/or
sentence at issue.

2

County), informing the court of Ellison's intent to plead guilty
to the fully negotiated terms of the plea agreement.  The Notice
of Intent allegedly was entered into record by the court on May
25, 2001, and a sentencing date was scheduled for July 16, 2001
and subsequently rescheduled to August 22, 2001.  On August 14,
2001, eight days before the rescheduled sentencing date, the
prosecution allegedly withdrew the plea agreement.

Subsequently, Ellison allegedly was sentenced by the New
Hampshire Superior Court (Rockingham County) to a term of
imprisonment of 30-60 years, which exceeded the statutory maximum
sentence of 10-20 years set forth in RSA 632-A:10-a, I(b).  He
claims that because he has never been convicted or charged with a
crime, the trial court erred by sentencing him to three
consecutive 10-20 year sentences, amounting to a total of 30-60
years imprisonment.  He further claims that an Acknowledgment and
Waiver of Rights, signed by Ellison, defense counsel and the
superior court judge, was entered into record on the date of
sentencing and stated that the maximum sentence imposed would not
exceed 10-20 years stand committed.

On August 22, 2005, Ellison allegedly filed a notice of
discretionary appeal with the NHSC, which declined his appeal on

October 18, 2005 and denied his motion for reconsideration on November 10, 2005.  Ellison claims to have proceeded in the superior court from November 2005 through March 2006.  On April 18, 2006, he allegedly filed a second notice of discretionary appeal, which the NHSC deferred ruling upon pending the court's decision in <u>Duquette v. Warden, NH State Prison</u>., No. 2006-079, 2007 WL 120602 (N.H. Jan. 19, 2007).  On January 19, 2007, the NHSC affirmed the superior court's ruing in <u>Duquette</u>.  On April 15, 2007, Ellison allegedly filed a memorandum in support of his appeal.  The NHSC allegedly declined Ellison's appeal on May 11, 2007 and denied his motion for reconsideration on May 22, 2007 and his motion to amend his motion for reconsideration on June 14, 2007.  Because Ellison has not provided this Court with copies of the aforementioned appeals and motions for reconsideration, the record is silent as to the issues raised therein.

In June 2007, Ellison filed a writ of quo warranto with the New Hampshire Supreme Court ("NHSC") in which he raised the following claims relevant to this action:

1.   denial of the right to petition the government for redress of grievances, in violation of Ellison's First Amendment right to meaningful access to the courts;

4

2.      denial of the Fourteenth Amendment right to due
        process and equal protection, arising from the
        superior court's partiality, excessive and
        unreasonable delays and interference with
        Ellison's right to petition the government for
        redress of grievances;

3.      denial of the Sixth Amendment right to a speedy
        trial; and

4.      imposition of an unlawful sentence when the trial
        court sentenced Ellison to a total of 30-60 years,
        which exceeded the statutory maximum sentence of
        10-20 years as provided under RSA 632-A:10-a,
        I(b).

The NHSC denied the writ on November 8, 2007.  On November 12,

2007, Ellison filed a pleading "de novo" which was granted, in

part, as to certain withdrawals from Ellison's inmate account and

otherwise denied by the NHSC on November 30, 2007.  The record is

silent as to the precise issues raised.

        Ellison now brings the instant petition in which he alleges

the following six grounds for federal habeas corpus relief:

1.      denial of the right to petition the government for
        redress of grievances in violation of Ellison's
        First Amendment right to meaningful access to the
        courts and his Fourteenth Amendment right to due
        process (Ground 1);[4] and

_____

        [4]I liberally construe Ellison's invocation of the Fifth
Amendment as a reference to the identical provisions of the
Fourteenth Amendment, which applies to the states.  See McSpadden
v. Wolfe, Civil Action No. 07-1263, 2008 WL 910010, slip op. at
*11 (E.D. Pa. 2008).  The violations allegedly stem from the

2.   (a) breach of a plea agreement, arising from the prosecution's withdrawal of a fully negotiated plea agreement eight days before the sentencing hearing, in violation of Ellison's Fourteenth Amendment right to due process and <u>Santobello v. New York</u>, 404 U.S. 257 (1971) (holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.") (Ground 2(a));

(b) prosecutorial misconduct arising from the prosecution's breach of the negotiated plea agreement, in violation of Ellison's Fourteenth Amendment right to due process (Ground 2(b));

(c) trial court error and/or judicial misconduct arising from the failure to enforce the negotiated plea agreement and acknowledgment and waiver of rights, in violation of Ellison's Fourteenth Amendment right to due process (Ground 2 (c));

3.   denial of due process when consecutive sentences were imposed without fair notice and/or where the consecutive sentences were not authorized under New Hampshire law; the trial court allegedly imposed upon Ellison a sentence of 30-60 years, which exceeded the statutory maximum sentence of 10-20 years set forth in RSA 632-A:10-a, I(b)

---

trial court's denial of certain motions and/or pleadings pursuant to New Hampshire Supreme Court Rule 7(1)(B) (providing that "[t]he supreme court may, in its discretion, decline to accept an appeal, other than a mandatory appeal, or any question raised therein, from a trial court after a decision on the merits, or may summarily dispose of such an appeal, or any question raised therein, as provided in Rule 25) and the requirement that Ellison pay a filing fee in the amount of $145.00.

(Ground 3)[5];

4.      conviction obtained by a guilty plea that was
        unlawfully induced, and/or was not knowing,
        intelligent and voluntary and resulted from the
        trial court's imposition of an unlawful sentence
        (Ground 4);

5.      denial of the Sixth Amendment right to effective
        assistance of counsel arising from counsel's
        failure to object to the prosecution's withdrawal
        and breach of the plea agreement (Ground 5); and

6.      trial court error and/or prosecutorial misconduct
        arising from the prosecution's use of Ellison's
        wife to elicit his confession, in violation of his
        Fifth Amendment right to remain silent and Miranda
        v. Arizona, 384 U.S. 436 (1966) (holding that
        police officers must inform a suspect of his Fifth
        Amendment privilege against self-incrimination
        prior to initiating a custodial interrogation)
        (Ground 6).

### Standard of Review

In reviewing a pro se petition, this Court must construe the

pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8,

15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106

(1976)), treating all well-pleaded factual allegations as true

and drawing all reasonable inferences in the litigant's favor,

see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining

---

[5]Ellison's claims pertaining to the imposition of an
unlawful sentence, as alleged in Grounds 1 and 3, are considered
collectively as Ground 3 of the petition.

that all "well-pleaded factual averments," not bald assertions,
must be accepted as true).  This review ensures that pro se
pleadings are given fair and meaningful consideration.  See
Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), enacted on April 24, 1996, requires that prisoners
file applications for writs of habeas corpus within one year from
the date on which the challenged judgment becomes final.  28
U.S.C. § 2244(d)(1)(A).  This limitation period begins to accrue
from the date of the final disposition of any direct appeal to
the state court of last resort and the conclusion of certiorari
review by the United States Supreme Court, or the running of the
ninety-day period in which to seek such review. 28 U.S.C. §
2244(d)(1)(A).

"Statutory exceptions exist where the state impeded relief,
new constitutional rights were created by the Supreme Court, or
newly discovered facts underpin the claim." David v. Hall, 318
F.3d 343 (1st Cir. 2003)(citing Section 2244(d)(1)(B)-(D)).  The
limitations period may be tolled during the pendency of a

properly filed application for state post-conviction relief or other collateral review in state court, and may be equitably tolled in appropriate circumstances.  28 U.S.C. § 2244(d)(2). See also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004).  In the AEDPA context, equitable tolling is the exception rather than the rule and is deemed justified only in extraordinary circumstances.  Id.

Here, Ellison appears to challenge a conviction and/or sentence that became final in 2001.  There is no indication that he filed any application for state post-conviction relief or other collateral review from 2002 through July 2005.  He filed the instant federal habeas corpus petition in 2008.  In amending his petition, he should identify any applications for state post-conviction relief or other collateral review filed during 2001 through July 2005.  For the foregoing reasons, Ellison is ordered to amend his petition to demonstrate that his petition is timely filed.

II.  Custody and Exhaustion

To be eligible for habeas relief, Ellison must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is

not required, such as the absence of an available or effective
state corrective process).  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see
also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).  He satisfies the
first requirement as he is currently incarcerated at the NHSP and
thus is in custody.  However, Ellison fails to satisfy the second
requirement because the petition does not demonstrate that he has
fully exhausted his state remedies with regard to each claim.
Nor has he alleged any facts to suggest that effective state
court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  <u>See</u> <u>Lanigan v.
Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988), <u>cert.</u> <u>denied</u>, 488 U.S.
1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state
appellate courts so that the state had the first chance to
correct the claimed constitutional error"); <u>see</u> <u>also</u> <u>Baldwin v.
Reese</u>, 541 U.S. 27, 29 (2004) (citing <u>Duncan</u>, 513 U.S. at 365–66
(requiring petitioner to "fairly present" his claim in the
appropriate state courts, including a state supreme court with
powers of discretionary review, thereby alerting that court to

the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Ellison raises six grounds for federal habeas corpus relief.  Ground 1, pertaining to denial of access to the courts, appears to challenge the conditions of his confinement and thus does not identify a cognizable claim for purposes of federal habeas.  While challenges to the fact of conviction or confinement or the duration of confinement are cognizable under the habeas statutes, see Heck v. Humphrey, 512 U.S. 477, 481 (1994), Section 1983 actions are typically the proper vehicles for attacking unconstitutional conditions of confinement and parole procedures, see Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  Accordingly, Ground 1 is unexhausted or noncognizable.  While Ground 3 appears to be exhausted, for the reasons discussed above, Ellison should amend his petition to demonstrate that this claim is timely filed.  As to the remaining claims, Ellison has not adequately demonstrated that he presented

each claim and/or the federal nature of each claim to the NHSC
for review.  Accordingly, he has failed to demonstrate exhaustion
of state remedies and/or the federal nature of the claim with
regard to five of the six claims raised in his federal petition.
To demonstrate exhaustion of his claims, Ellison must provide
this court with copies of any motions, petitions, notices of
appeal, briefs and orders and/or final judgments pertaining to
his state court proceedings.  See Smith v. Digmon, 434 U.S. 332,
333 (1978) (discussing documents which would enable a federal
court to determine whether the grounds supporting the habeas
petition had been presented for review in the state courts).  To
demonstrate exhaustion, Ellison may need to return to the state
courts to fully present his unexhausted claims and the federal
nature of each claim before he can make the required amendment to
his federal petition.

II.  Stay

     The Supreme Court has held that a district court should stay
a habeas corpus petition if the petitioner has good cause for his
failure to exhaust, his unexhausted claims are potentially
meritorious, and there is no indication that he engaged in
intentionally dilatory litigation tactics.  See  Rhines v. Weber,

544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Accordingly,  to the extent Ellison's petition is not time-barred and he elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above, Ellison is ordered to demonstrate that his federal petition is timely filed.  He is

furthered ordered to amend his petition to demonstrate exhaustion
of state remedies with regard to each claim.  The Clerk's Office
is directed to provide the him with a copy of the Court's pro se
manual to assist him in preparing an amended petition.

If the petition is timely filed and the claims have not been
exhausted, Ellison is instructed to notify the court either (1)
that he is withdrawing the unexhausted claims or (2) that he is
proceeding in state court to exhaust them.  In the event he
chooses to exhaust in state court, Ellison must commence the
state court proceedings within thirty (30) days of the date of
this order.  I will order the proceedings stayed and the petition
held in abeyance, pending complete exhaustion of state remedies.
The stay will be issued under the following two conditions:

>1.  Ellison is ordered to contact this Court every
>90 days, beginning from the date of entry of this
>order, and inform the court of the status and
>pendency of his state court proceedings, if any,
>and the disposition of any appeal or related
>matter.
>
>2.  Within 30 days following any ruling and/or
>notification by the New Hampshire Supreme Court on
>the claims at issue, and the exhaustion of such
>claims, Ellison must notify this Court of the
>ruling and submit all briefs or other pleadings
>filed in the state court proceedings; he must also
>file a request with this Court, stating that his
>state court matter has been disposed of and that
>he wishes to terminate the stay and have this

Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: September 16, 2008

cc:   Tony L. Ellison, pro se